IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| SIDNEY COLLINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 11-CV-3086 |
| | ) | |
| DR. HUGHES LOCHARD, | ) | |
| et al., | ) | |
| | ) | |
| Defendants, | ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and detained in the Rushville Treatment and Detention Center, pursues claims regarding deliberate indifference to his serious medical needs.  Discovery is proceeding.

Before the Court are four motions to compel filed by Plaintiff.  Federal Rule of Civil Procedure 26(b)(1) provides that the "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . . Relevant information need not be admissible at trial if the discovery appears to be reasonably calculated to lead to the discovery

1

of admissible evidence." Id.

Plaintiff seeks contracts dealing with the services provided by Defendants. Defendants object on grounds of relevancy. However, the Court cannot rule out the possible relevance of the contracts governing the services of the Defendants with medical degrees—Defendants Bednarz and Lochard. For example, the contracts might be relevant to establishing the scope of Defendants' authority to make treatment decisions, the procedures for referring outside the facility for medical care, or the existence of financial incentives based on treatment decisions. However, the Court does not see the relevance of the contract governing Defendant Kibby's services. She is the former director of the facility. Plaintiff does not explain the relevance of her contract, nor can the Court discern the relevance.

Plaintiff also seeks Defendants' curriculum vitae or resumes. Defendants object on grounds of relevance and security concerns. The Court concludes that Defendants' qualifications, training, and experience are arguably relevant to Plaintiff's claims. Additionally, Defendants do not adequately explain their security concerns. Sensitive information like home

addresses and phone numbers may be redacted. If the documents contain other sensitive information, Defendants may seek an *in camera* review.

The Court reaches the same conclusion with regard to Defendants' "licenses related to the performance of their duties." This is relevant to Defendants' qualifications. Defendants do not need to produce copies of their professional and other relevant licenses, but they must describe them generally as directed below.

The remainder of Plaintiff's motions to compel will be denied. The Court has reviewed Defendants' responses and finds them sufficient.

IT IS THEREFORE ORDERED:

1) Plaintiff's motion to compel discovery of his medical records is denied as moot because Plaintiff has already been provided with his medical records (d/e 24).

2) Plaintiff's other pending motions to compel are granted in part and denied in part (d/e's 29, 30, 31). Defendants Bednarz and Kibby are directed to produce the contracts requested by Plaintiff. Defendants are further directed to provide to Plaintiff copies of their curriculum vitae or

resumes.  Lastly, Defendants are directed to produce copies of their professional and other relevant licenses to Plaintiff or to describe those licenses generally, setting forth the title of the license, the name of the issuer, the date issued, whether the license is currently in effect, and the date of expiration.

ENTERED:   March 20, 2012

FOR THE COURT:

                                        s/Sue E. Myerscough
                                      SUE E. MYERSCOUGH
                        UNITED STATES DISTRICT JUDGE